UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WANDA AKINS, o/b/o J.M.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:20-CV-564-HAB |
| ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

When is an administrative law judge ("ALJ") not an ALJ? The answer, at least as Plaintiff Wanda Akins ("Akins") sees it, is when the ALJ has not been properly appointed. Akins asserts that there was just such a procedural error in the appointment of the ALJ that oversaw her disability hearing. Thus, she claims, she has never received the statutorily-mandated hearing, the denial of her application for supplemental security insurance benefits is a nullity, and this Court should enter a Writ of Mandamus requiring the Commissioner of the Social Security Administration (the "Commissioner") to hold a hearing before a duly appointed ALJ.

Now before the Court is the Commissioner's Opposition to and Motion to Dismiss Plaintiff's Complaint (ECF No. 6) (the "Motion"). The Motion does not contest the factual underpinnings of Akins' Complaint; that is, there is no argument that the ALJ was properly appointed. Instead, the Commissioner asserts that Akins' failure to raise the appointment issue, either before the ALJ or in a previously dismissed lawsuit (Cause No. 3:19-CV-353-HAB) (the "353 Case"), bar the appointment claim now.

Having reviewed the record of this case and the 353 Case, the Court must agree with the Commissioner. Akins has already filed one suit arising out of the denial of the SSI claim. She

received an adjudication on the merits of that claim. That adjudication prevents Akins from again pursuing not only the claims raised in the 353 Case, but also any claims that could have been raised in the 353 Case. Because the Court finds that the appointment issue could have been raised in the 353 Case, the instant action is barred by the doctrine of res judicata, and dismissal is appropriate.

**A.    Procedural History**

On May 6, 2019, Akin filed her Complaint in the 353 Case. That Complaint challenged the unfavorable decision of the ALJ entered on April 30, 2018. The Social Security Administrative Record was filed on August 8, 2019. Pursuant to Northern District Local Rule 7-3, Akins' initial brief was due on September 19, 2019. Akins subsequently filed two motions to extend her deadline to file her initial brief, first extending her briefing deadline to October 15, 2019, and then to November 12, 2019. Akins second extended deadline came and went with no brief having been filed.

The Court, having taken notice of Akins' failure to file, issued an Order on November 14, 2019. In that Order, the Court stated:

> In the interest of justice, the Court **GRANTS** Plaintiff a final extension of time to file the Opening Brief and **ORDERS** Plaintiff to file an Opening Brief **on or before November 21, 2019**. Failure to file the Opening Brief *will* result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

(353 Case, ECF No. 19) (original emphasis).

Despite the crystal-clear language of the November 14, 2019, Order, Akins elected not to comply with the third extended deadline. Accordingly, on December 18, 2019, this Court issued an Order dismissing the 353 Case with prejudice. Akins did not take an appeal from the dismissal of the 353 Case.

On July 1, 2020, Akins filed her Complaint (ECF No. 1) in this action. The Complaint addressed the same application for SSI and the same April 30, 2018, ALJ decision. While the 353

Case challenged the factual underpinning of the ALJ's decision, this case claims that the ALJ's decision was a nullity because the ALJ had not been properly appointed.

**B.      Legal Discussion**

**1.      *Motion to Dismiss Standard***

The Commissioner does not cite the rule under which he seeks dismissal of Akins' Complaint. However, the Commissioner's repeated references to this Court's jurisdiction leads the Court to believe that the Motion is made under Federal Rule of Civil Procedure 12(b)(1).

"The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion." *Bolden v. Wells Fargo Bank, N.A.*, 2014 WL 6461690, at *2 (N.D. Ill. Nov. 18, 2014) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). "If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Bolden*, 2014 WL 6461690, at *2 (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)). A factual challenge to the court's subject matter jurisdiction, on the other hand, is based on the assertion that "the complaint is formally sufficient but . . . there is *in fact* no subject matter jurisdiction." *United Phosphorus*, 322 F.3d at 946 (emphasis in original). When considering a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of

proof, regardless of who raised the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

To the extent the Commissioner moves to dismiss under res judicata grounds, a different rule applies. It is true that res judicata is not one of the affirmative defenses that Rule 12(b) permits to be made by motion rather than in the answer to the complaint. But when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion. (*See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003); *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir.2003) (applying Rule 12(b)(6) to a res judicata defense)). This proposition is entailed by the principle that a plaintiff can plead himself out of court. *E.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986).

To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

**2.**   *Akins' Claim is Barred by Res Judicata*

Res judicata is a rule "of public policy and of private peace." *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917). Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim. Res judicata promotes predictability in the judicial process,

preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly. *Cf.* Charles Alan Wright, et al., 18 Federal Practice and Procedure § 4403 (2d ed. 2002) ("The central role of adversary litigation in our society is to provide binding answers. We want to free people from the uncertain prospect of litigation, with all its costs to emotional peace and the ordering of future affairs."). In federal court res judicata has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts). *U.S. ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009). Where it applies, res judicata prevents the re-litigation of claims already litigated as well as those that could have been litigated but were not. *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 310 (7th Cir. 2010).

The first two elements clearly apply here. In both this case and the 353 Case, the parties are the same: Wanda Akins o/b/o J.M.A. and the Commissioner. Moreover, the involuntary dismissal in the 353 Case was an adjudication on the merits. *See* Fed. R. Civ. P. 41(b); *Jameson v. Du Comb*, 275 F.2d 293, 294 (7th Cir. 1960). The only remaining issue, then, is whether this case and the 353 Case share an identity of the cause of action.

Federal law—which applies here because the first judgment was entered by a federal court, *see Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001); *Taylor v. Sturgell*, 553 U.S. 880 (2008)—defines a "claim" by looking for a single transaction. *See*, *e.g.*, *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). Usually this means all losses arising from the same essential factual allegations (sometimes called a common core of facts). *See Matrix IV, Inc. v. American National Bank & Trust Co.*, 649 F.3d 539, 548 (7th Cir. 2011).

The two cases here arise out of the same essential factual allegations: Akins' application for SSI and the subsequent denial of that application following hearing by the ALJ. True, the ancillary facts of both cases are different: the 353 Case involved the claimant's health status while this case involves the appointment of the ALJ. However, the common core of facts remains the administrative process.

The Court finds support for its determination in *Dembski v. Sec. and Exch. Comm.*, 437 F.Supp.3d 286 (W.D.N.Y. 2020). There, the plaintiff was found by a Securities and Exchange Commission ALJ to have violated federal securities law and was permanently disbarred from the securities industry. The plaintiff challenged the decision to the SEC, which affirmed. The plaintiff then filed an action with the Second Circuit Court of Appeals seeking to reverse the ALJ's decision. This action was also unsuccessful. *Id*. at 289.

Approximately four months after the Second Circuit's decision, the United States Supreme Court issued a decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), holding that SEC ALJs are "Officers of the United States," and as such they must be appointed by the procedures prescribed in Article II's Appointments Clause. *Id*. at 2051, 2053. In other words, an SEC ALJ must be appointed by either the president, a court of law, or a head of department. *See* U.S. Const. Art. II, § 2, cl. 2. The Supreme Court found that the SEC ALJs were not appropriately appointed because SEC staff had hired them, and that the Lucia plaintiff had made a timely challenge to the validity of the ALJ's appointment. *Lucia*, 138 S. Ct. at 2055. Accordingly, the Court found the plaintiff was entitled to a new hearing before a different ALJ. *Id*.

The plaintiff returned to the Second Circuit and requested that, in light of *Lucia*, the Circuit revoke its denial of review of the SEC's decision, issue a mandate nullifying the decision, and preclude the SEC from taking any steps to enforce any portion of the sanctions imposed on

Plaintiff. The SEC responded, arguing that the plaintiff had forfeited his Appointments Clause challenge by failing to raise it at any point prior to the Second Circuit's order denying the plaintiff's petition for review. The Second Circuit agreed with the SEC and issued an order denying the plaintiff's motion to recall and motion to vacate. The plaintiff then filed an action in the United States District Court for the Western District of New York, now formally raising the Appointments Clause issue. *Dembski*, 437 F.Supp.3d at 289–90.

While the holding of *Dembski* is likely limited to the court's determination that it lacked subject matter jurisdiction[1], its discussion of res judicata is nonetheless instructive. Finding that the plaintiff's claim was barred, the Western District stated:

> A final judgment on the merits was entered by the Second Circuit on February 17, 2018, and that decision became unreviewable upon the expiration of the 90-day deadline under 28 U.S.C. § 2101(c) for filing a petition for certiorari. It is undisputed that the litigants were the same and that the Second Circuit is a court of competent jurisdiction. Additionally, Plaintiff's Appointments Clause claim arises directly from [the SEC's] enforcement action and serves as an affirmative defense within the proceeding. In other words, the Appointments Clause claim, like accompanying defenses to the merits of the . . . charges, is a vehicle by which the appellants seek to prevail in the proceeding. Because the Appointments Clause claim could have been raised and decided in a previous suit, the principles of res judicata bar Plaintiff from raising it before this Court.

*Id*. at 297 (citations and quotations omitted).

All the same considerations identified by *Dembski* apply with equal force here. A final judgment was entered by this Court in the 353 Case on December 18, 2019. Akins' deadline to appeal that judgment expired 60 days thereafter. Fed. R. App. 4(1)(B)(ii). It is undisputed that this Court was a court of competent jurisdiction and that the litigants in the 353 Case are the same as

---

[1] The Court recognizes, as the court in *Dembski* did, that a court may not decide the merits of a case without subject matter jurisdiction even if the parties have not themselves raised it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *United States v. Cook County*, 167 F.3d 381, 387 (7th Cir. 1999). However, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 431 (2007).

the litigants here. Akins' Appointment Clause claim arises directly from the Social Security Administration's administrative process and, like Akins' claims regarding the merits of the Commissioner's decision, is a vehicle by which Akins seeks to prevail in the administrative process. The claims, then, share an identity for the purposes of res judicata.

The Court also concludes that Akins could have presented the Appointment Clause claims during the 353 Case. *Lucia*, the case upon which this action is based, was decided in June 2018. Commentators almost immediately noted the potential impact of the decision on decisions by SSA ALJs. National Law Review, *Lack of Presidential Appointment May Invalidate ALJ Decisions*, https://www.natlawreview.com/article/lack-presidential-appointment-may-invalidate-alj-decisions (July 24, 2018). All the actions taken by the President of the United States and the Commissioner with respect to SSA ALJs occurred in July 2018. The relevant legal developments, then, occurred nearly a year and a half before the judgment in the 353 Case. The Appointments Clause issue could have, and should have, been raised in the 353 Case.

"For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry." *Brown v. Felsen*, 442 U.S. 127, 132 (1979). The Court is cognizant of the fact that this Opinion and Order may permit a constitutionally infirm ALJ decision to stand. However, Akins was the master of her claims. It was her decision to not include the Appointments Clause issue in the 353 Case. It was her decision to allow the 353 Case to go to judgment. In short, the application of res judicata is the result solely of her decisions. Dismissal may be harsh, but it is plainly appropriate.

**C.     Conclusion**

For the foregoing reasons, the Commissioner's Motion to Dismiss (ECF No. 6) is GRANTED. This matter is DISMISSED WITH PREJUDICE.

SO ORDERED on October 6, 2020.

                                                s/ Holly A. Brady  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT